IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE D. NEWMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRANDON, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:10-cv-00687 JLT (PC)<br><br>ORDER REQUIRING PLAINTIFF TO EITHER NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ON HIS COGNIZABLE CLAIM OR FILE AN AMENDED COMPLAINT<br><br>(Doc. 2)<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. 7) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On April 14, 2010, Plaintiff initiated this action by filing his complaint in the Central District of California. (Doc. 3.) The action was subsequently transferred to this Court, as the events alleged in the complaint occurred at Avenal State Prison, which is within the jurisdiction of the Eastern District of California.

I.   **SCREENING**

　　A.   **Screening Requirement**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.     Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citations omitted).

**C.     Rule 8(a)**

Complaints are governed by the notice pleading standard set forth in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

2

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (citations and quotations omitted). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.   THE COMPLAINT**

Plaintiff identifies four prison officials at Avenal State Prison as defendants to this action: (1) Correctional Officer Brandon; (2) Correctional Officer Borba; (3) Sergeant K. D.; and (4) Warden L.S. McEwen. (Doc. 2-1 at 3-4.) Plaintiff alleges as follows. On April 2, 2010, Plaintiff was instructed to go to the "6-yard" by Defendants Brandon and Borba. (Id. at 6.) Two hours later, when Plaintiff returned, he noticed that his bible and legal property had been overturned and had coffee poured over them. (Id.) Plaintiff went outside to look for Defendant Brandon to complain. (Id.) At that time, Defendant Brandon ran to Plaintiff, shoved her palm into Plaintiff's back, and pinned Plaintiff against a door. (Id.) In Plaintiff's opinion, Defendant Brandon was under the influence of a controlled substance. (Id.) The incident aggravated Plaintiff's chronic back pain. (Id. at 7.)

Defendant Brandon then informed Plaintiff that he was being moved. (Id.) Defendant Brandon took Plaintiff to the "sally port" and told Plaintiff to reduce his personal property, including his legal papers, to six cubic feet. (Id.) Plaintiff's remaining property was shipped home. (Id.) This included "vital" legal materials relating to one of Plaintiff's then active civil rights case, Case No. CV 09-4160 JVS (PLA). (Id.)

Plaintiff was housed in the overcrowded "6-yard" gym. (Id. at 7-8.) There, Plaintiff was forced

3

to sleep in the middle rack of a three-man bunk, despite his chrono instructing him to sleep only in the lower bunk. (Id. at 7.) This aggravated Plaintiff's back condition. (Id.) Plaintiff was also forced to take cold showers, endure bathrooms with toilet water overflowing onto the floor, withstand the smell of urine due to the proximity of his sleeping quarters to the bathrooms, and drink brown water that caused Plaintiff stomach pains and diarrhea. (Id. at 8.)

Based on these allegations, Plaintiff claims that (1) Defendants Brandon and Borba violated his right to freely exercise his religion under the First Amendment; (2) Defendant Brandon used excessive force against him in violation of the Eighth Amendment; and (3) Plaintiff is being housed in unsanitary conditions of confinement in violation of the Eighth Amendment. (Id. at 6.) In terms of relief, Plaintiff seeks monetary damages. (Id. at 9.)

### III.   DISCUSSION

#### A.   First Amendment - Free Exercise of Religion

The First Amendment of the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const., amend. I. "Inmates clearly retain protections afforded by the First Amendment . . . including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citations omitted). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Id. (citation and internal quotation marks omitted). Thus, "[i]n order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997). A prisoner must also show that his practice is both "sincerely held" and "rooted in religious belief." Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008) (quoting Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994)).

The allegations in the complaint do not give rise to a First Amendment violation. First, Plaintiff fails to provide any details on the extent his bible was damaged by the spilled coffee. It is unclear if the pages of the bible were merely stained by the coffee or totally destroyed. In this regard, Plaintiff fails

to demonstrate that his practice of religion was burdened or in any way prevented by this incident. See Freeman, 125 F.3d at 737 ("In order to reach the level of a constitutional violation, the interference with one's practice of religion must be more than an inconvenience; the burden must be substantial . . . .") (citation and internal quotation marks omitted).

Second, Plaintiff merely speculates that Defendants Brandon and Barbo were responsible for spilling coffee on Plaintiff's bible. There can be no liability under § 1983 unless Plaintiff is able to show an affirmative causal link between the actions of the defendants and the alleged constitutional violation. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Moreover, even assuming Defendants Brandon and Barbo were responsible for spilling coffee on Plaintiff's bible, there are no facts supporting the inference that the defendants did so intentionally and not negligently. See Lewis v. Mitchell, 416 F. Supp. 2d 935, 944 (S.D. Cal. 2005) ("Plaintiff must assert more than negligence to state a valid § 1983 claim for the violation of his Free Exercise rights. Instead, Plaintiff must allege conscious or intentional acts that burden his free exercise of religion."). Thus, for all these reasons, Plaintiff fails to state a cognizable free exercise of religion claim.

**B.    Religious Land Use and Institutionalized Persons Act ("RLUIPA")**

Plaintiff is advised that his right to freely exercise his religion is also protected under RLUIPA. See 42 U.S.C. § 2000cc-1. Under RLUIPA, prison officials are prohibited from imposing "substantial burdens" on religious exercise unless there exists a compelling governmental interest and the burden is the least restrictive means of satisfying that interest. Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005). For the purposes of RLUIPA, a "substantial burden" is one that imposes a "significantly great restriction or onus" upon a prisoner's exercise of religion. Id. at 995 (citation omitted). In this case, however, Plaintiff allegations fail to state a cognizable RLUIPA claim for the same reasons that they fail to state a cognizable First Amendment free exercise claim. The allegations in the complaint do not show that Plaintiff's bible was destroyed, that Defendants Brandon and Barbo were responsible for the spilled coffee, or that, assuming Defendants Brandon and Barbo were responsible for the spilled coffee, their actions were intentional.

**C.    Eighth Amendment - Excessive Force**

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth

5

1  Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903
2  (9th Cir. 2002). In determining whether a prison official has used excessive force, "the core judicial
3  inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or
4  maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Factors the
5  Court may consider in making this determination include: (1) the extent of the injury; (2) the need for
6  force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably
7  perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a
8  forceful response. Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

9  Here, Plaintiff alleges that Defendant Brandon ran up to Plaintiff, shoved her palm into Plaintiff's
10 spine, and pinned him against a door. Plaintiff alleges further that Defendant Brandon's actions
11 aggravated this chronic back pain. In Plaintiff's view, Defendant Brandon was in a manic state and
12 assaulted Plaintiff for no apparent reason. Assuming these allegations are true, as the Court must at this
13 stage of the litigation, the Court finds that the complaint states a cognizable excessive force claim against
14 Defendant Brandon.

15 **D.     Eighth Amendment - Conditions of Confinement**

16 The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners
17 from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006)
18 (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Prison officials therefore have a constitutional
19 "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care,
20 and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). To
21 establish a violation of this duty, a prisoner must satisfy both an objective and subjective component.
22 Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious
23 deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities."
24 Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346
25 (1981)). Second, the prisoner must demonstrate that prison officials acted with a sufficiently culpable
26 state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A
27 prison official is liable for denying an inmate humane conditions of confinement only if "the official
28 knows of and disregards an excessive risk to inmate health and safety; the official must both be aware

6

of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

In this case, Plaintiff alleges that he was subjected to several unconstitutional conditions of confinement, including (1) cold showers, (2) the smell of urine, (3) overcrowding, (4) a mid-tier bunk, (5) bathrooms flooded with toiled water, and (6) drinking water that caused him stomach pains and diarrhea. Plaintiff's allegation that he was forced to take cold showers is not a "denial of the minimal civilized measures of life's necessities." Rhodes, 452 U.S. at 346. Showers are basic human needs only inasmuch as they are important for maintaining personal hygiene. See Toussaint v. McCarthy, 597 F. Supp. 1388, 1411 (9th Cir. 1984) (the Eighth Amendment guarantees hygiene). The temperature of the showers, despite being uncomfortable, did not preclude Plaintiff from bathing. As such, this allegation fails to state a cognizable Eighth Amendment claim.

The same is true for Plaintiff's allegations regarding the smell of urine and the overcrowded living conditions. These conditions of confinement, in of themselves, are insufficient to demonstrate a sufficiently serious deprivation within the meaning of the Eighth Amendment. In order for these allegations to give rise to a cognizable Eighth Amendment claim, Plaintiff must allege the presence of additional factors which combine to produce an environment that negatively affects Plaintiff's health and safety in a *material* way. See Anderson v. County of Kern, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (dirty and smelly living conditions may arise to an Eighth Amendment violation when it amounts to a prolonged deprivation of basic sanitation); Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989) ("Only when overcrowding is combined with other factors such as violence or inadequate staffing does overcrowding rise to an eighth amendment violation.") (citation omitted). Plaintiff has not done so here, and therefore these allegations fail to state a cognizable Eighth Amendment claim.

Finally, Plaintiff's allegations regarding the mid-tier bunk, flooded bathrooms, and unpalatable drinking water fail to state a cognizable claim for a different reason. While these conditions *arguably* demonstrate sufficiently serious deprivations of basic medical care and sanitation, Plaintiff does not allege facts demonstrating that Defendants were aware of these conditions, knew that they posed an excessive risk to Plaintiff's health, and chose to disregard that risk. In other words, the complaint is devoid of facts demonstrating "deliberate indifference" on the part of any of the defendants. As such,

Plaintiff's complaints regarding the mid-tier bunk, flooded bathrooms, and unpalatable drinking water fail to state a cognizable Eighth Amendment claim.

### E. First Amendment - Access to the Courts

Plaintiff alleges that he was unable to retain all his legal papers and that he had an active civil case at the time. It is unclear as to whether Plaintiff intended these allegations to set forth an access to the courts claim against Defendant Brandon under the First Amendment. If so, Plaintiff is advised of the following legal standards that govern this type of claim.

Prisoners have a constitutional right under the First Amendment of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). To plead a viable access to the courts claim, a prisoner must allege facts showing that the defendant's misconduct impeded the prisoner's ability to pursue a nonfrivolous legal claim that seeks to vindicate basic constitutional rights. Id. at 353-55. In other words, there must be some "actual injury" caused by defendant's actions "such as the inability to meet a filing deadline or to present a claim." Id. at 348.

As the complaint now stands, Plaintiff's allegations fall short of pleading a viable access to the courts claim. First, Plaintiff does not explain why the space he was allotted for his property (six cubic feet) was insufficient to the point where Plaintiff was effectively forced to ship "vital case material" home. Second, Plaintiff does not allege that his inability to access his "vital case material" caused him "actual injury" in his active civil case. There is no indication in the record of that case that Plaintiff missed a court deadline or defaulted on any of his claims for lack of prosecution.[1] In fact, a review of the case's docket reveals that the action has proceeded quite smoothly.

### F. Leave to Amend

In sum, the allegations in the complaint only state a cognizable claim for excessive force against Defendant Brandon. Plaintiff may therefore proceed in one of two ways. First, Plaintiff may elect to serve the complaint on Defendant Brandon and pursue only his Eighth Amendment excessive force claim. Second, Plaintiff may file an amended complaint an attempt to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant

---

[1] The case is filed in the Central District of California under Newman v. Ventura County, No. 2:09-cv-4160-JVS-PLA. The Court may take judicial notice of court records in another case. See United States v. Howard, 381 F.3d 873, 867 n.1 (9th Cir. 2004) (citing Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980)).

8

must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

If Plaintiff elects to file an amended complaint, he is warned that he may not change the nature of this suit by adding new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files an amended pleading, his original pleadings no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV.  OTHER MATTERS

Also pending before the Court is Plaintiff's June 1, 2010, motion for a preliminary injunction. (Doc. 7.) "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). In this case, the Court lacks jurisdiction to issue an injunction at this time. Defendants have not appeared in this action, as the Court has yet to authorize service of Plaintiff's pleadings on any of the defendants. Plaintiff request for preliminary relief will therefore be denied as being premature.

## V.  CONCLUSION

In accordance with the above, it is **HEREBY ORDERED** that:

1. Plaintiff's June 1, 2010, motion for a preliminary injunction (Doc. 7) is **DENIED** as premature.

2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

   a. Notify the Court in writing that he wishes to serve the complaint on Defendant Brandon and proceed only on his excessive force claim; or

   b. File an amended complaint attempting to cure the deficiencies identified by the Court in this order.

3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil

rights action.

4. Plaintiff is cautioned that failure to comply with this order will result in the dismissal of this case.

IT IS SO ORDERED.

Dated: **February 14, 2011**                                    **/s/ Jennifer L. Thurston**
                                                               UNITED STATES MAGISTRATE JUDGE