IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE D. NEWMAN, | Case No. 1:10-cv-00687 JLT (PC) |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| vs. | (Doc. 12) |
| BRANDON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed April 19, 2011, the Court screened Plaintiff's amended complaint and instructed Plaintiff to either file a second amended complaint curing the deficiencies identified by the Court or notify the Court of his willingness to proceed on his cognizable claims. On May 5, 2011, Plaintiff filed a second amended complaint.

**I.     SCREENING REQUIREMENT**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     THE SECOND AMENDED COMPLAINT

Plaintiff alleges as follows. On April 2, 2010, Defendant Brandon instructed Plaintiff to leave his living quarters for mandatory yard time. (Doc. 12 at 3.) When Plaintiff returned two hours later, he found his bible and legal papers overturned and stained with coffee. (Id.) Plaintiff asked to speak with a sergeant, but Defendant Brandon responded that no sergeant would be forthcoming. (Id.)

Plaintiff walked outside to ask two other prison officials whether they knew where a sergeant could be found. (Id.) At that time, Defendant Brandon ran up from behind, grabbed Plaintiff's left arm, shoved her palmed hand into Plaintiff's spine, and pinned Plaintiff against a door. (Id.) In Plaintiff's view, Defendant Brandon appeared to be in a "frantic state" and "under the influence of a controlled substance." (Id. at 4.) The altercation aggravated Plaintiff's pre-existing back condition, and Plaintiff soon experienced back spasms, as well as pain and numbness in his right leg and hand. (Id.)

According to Plaintiff, Defendant K.D. was made aware of the altercation between Plaintiff and Defendant Brandon. (Id.) Nevertheless, Defendant K.D. did not file a report regarding the incident. (Id.) Instead, Defendant K.D. falsified documents to cover-up the assault. (Id.) This caused Plaintiff to suffer "mental and emotional anguish," and he was moved from the "6-yard" to the "five yard" out of fear of reprisals from Defendants Brandon and K.D. (Id. at 5.)

Based on these allegations, Plaintiff appears to claim that Defendant Brandon used excessive force against him in violation of the Eighth Amendment. Plaintiff also appears to claim that Defendant K.D. violated his right to due process under the Fourteenth Amendment. In terms of relief, Plaintiff seeks monetary damages. (Id. at 6.)

### III.  DISCUSSION

#### A.  Eighth Amendment – Excessive Force

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In determining whether a prison official has used excessive force, "the core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Factors the Court may consider in making this determination include: (1) the extent of the injury; (2) the need for force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a forceful response. Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Here, Plaintiff alleges that Defendant Brandon ran up to Plaintiff, shoved her palmed hand into Plaintiff's spine, and pinned Plaintiff against a door. Plaintiff alleges further that Defendant Brandon's

actions aggravated this chronic back pain. In Plaintiff's view, Defendant Brandon was in a manic state and assaulted Plaintiff for no apparent reason. Assuming these allegations to be true, as the Court must at this stage of the litigation, the Court finds that the second amended complaint states a cognizable excessive force claim against Defendant Brandon.[1]

### B. Fourteenth Amendment – Due Process

The Due Process Clause prohibits state action that deprives a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV. A plaintiff alleging a procedural due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the alleged deprivation were not constitutionally sufficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002).

A protected liberty interest may arise under the Due Process Clause itself or under a state statute or regulation. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). The Due Process Clause in of itself protects only those interests that are implicit in the word "liberty." See, e.g., Vitek v. Jones, 445 U.S. 480, 493 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to a mental institution). A state statute or regulation, however, gives rise to a protected liberty interest if it results in "a freedom of restraint . . . [that] imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). This requires a factual comparison between the conditions of confinement caused by the challenged action and the basic conditions of prison life. See Wilkinson, 545 U.S. at 223-24 (finding that the placement of prisoners in a highly restrictive "supermax" prison implicated a protected liberty interest).

In this case, Plaintiff fails to demonstrate that he was deprived of a protected liberty interest as a result of Defendant K.D.'s actions. Plaintiff's allegation that the false documentation of the alleged assault caused him mental anguish and emotional distress does not constitute a "*freedom of restraint* .

---

[1] Plaintiff sues Defendant Brandon in her official capacity. (Doc. 12 at 2.) However, Plaintiff's allegations and request for monetary damages are consistent with a claim against a state actor in her *individual* capacity. See Hafer v. Melo, 502 U.S. 21, 31 (1991) (Eleventh Amendment does not bar suits for damages against state officials sued in their personal capacity). Because it is evident that Plaintiff's intention is to sue Defendant Brandon in her individual capacity, the Court will construe Plaintiff's claim as such. See Romano v. Bible, 169 F.3d 1182, 1186 (9th Cir. 1999) (there is a presumption that officials are sued in their personal capacities, not official capacities).

. . [that] imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 484 (emphasis added).  To the extent that Plaintiff alleges that he was forced to move to a different yard as a result of these events, Plaintiff has provided no facts supporting the conclusion that life in "the five yard" is in any way different than life in the "6-yard."  (Doc. 12 at 5.)  In this respect, Plaintiff has failed to demonstrate that the alleged events caused "a major disruption in his environment" and therefore fails to state a cognizable due process claim.  <u>Id.</u> at 486.  See <u>Resnick v. Hayes</u>, 213 F.3d 443, 448 (9th Cir. 2000) (no protected liberty interest where the new conditions of confinement imposed by the alleged deprivation were not materially different from those in the general population).

### C.     No Leave to Amend

The Court dismissed Plaintiff's amended complaint with leave to amend and informed Plaintiff of the deficiencies in his due process claims.  Plaintiff, however, has failed to amend his pleadings in a meaningful way to address the deficiencies previously identified by the Court.  Accordingly, the Court will dismiss Plaintiff's due process claims without leave to amend and with prejudice.  See <u>Lopez</u>, 203 F.3d at 1127 (leave to amend should be granted unless the court determines that the pleading could not be cured); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where plaintiff failed to state a claim after the court instructed plaintiff of the deficiencies in the claims in its previous order).

### IV.    CONCLUSION

In accordance with the above, it is **HEREBY ORDERED** that:

1. Plaintiff's Fourteenth Amendment due process claim against Defendant K.D. is **DISMISSED WITH PREJUDICE**; and

2. This action shall proceed on Plaintiff's Eighth Amendment excessive force claim against Defendant Brandon in his individual capacity.

IT IS SO ORDERED.

Dated:   **June 8, 2011**                                          /s/ Jennifer L. Thurston
                                                                             UNITED STATES MAGISTRATE JUDGE