IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE D. NEWMAN,<br><br>    Plaintiff,<br><br>  vs.<br><br>BRANDON, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-00687 AWI JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO POSTPONE DISCOVERY<br><br>(Doc. 28) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On September 6, 2011, Plaintiff filed a motion requesting that discovery be postponed in this action. (Doc. 28.) Plaintiff explains that he is set to be released from incarceration on October 21, 2011 and has accordingly sent all his legal property home. (Id. at 1.) Plaintiff thereby suggests that he will be unable to conduct discovery until he returns home.

The Court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). Good cause exists where the party seeking modification is able to show that despite its due diligence, the party is unable to meet the deadlines set by the Court. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). In this case, Plaintiff fails to demonstrate good cause for modifying the scheduling order. The Court only recently issued the scheduling order, and discovery is not set to close in this case until April 22, 2012. (Doc. 25.) Therefore, even if Plaintiff will not have access to his legal property until he returns home on October 21, 2011, he has more than sufficient time to conduct discovery.

1   Accordingly, it is **HEREBY ORDERED** that Plaintiff's September 6, 2011 motion to postpone
2   discovery (Doc. 28) is **DENIED**.

4   IT IS SO ORDERED.

5   Dated:   **September 11, 2011**                                   /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE