UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE NEWMAN,<br><br>         Plaintiff,<br><br>         v.<br><br>BRANDON, et al.,<br><br>         Defendant. | Case No.: 1:10-cv-00687 AWI JLT (PC)<br><br>FINDINGS AND RECOMMENDATION ISSUING TERMINATING SANCTIONS BASED UPON PLAINTIFF'S KNOWING SUBMISSION OF FALSIFIED EVIDENCE TO THE COURT |

I.     **Background**

Plaintiff claims that on April 2, 2010, he approached Defendant Brandon based upon his contention that Brandon went through his legal papers and threw his Bible on the cell floor and poured coffee on it. He claims that when he confronted her, she used excessive and unreasonable force on him.

On June 26, 2012, Defendants filed their motion for summary judgment. (Doc. 35) Attached to the motion were declarations prepared by counsel after meeting with inmates Norberto Medina (Doc. 35-2 at 47-48) and Miguel Palenzuela (Doc. 35-2 at 50-51). In his declaration, Medina asserted that he did not see Defendant Brandon use any force against Plaintiff nor did he see Brandon touch Plaintiff in any way. (Doc. 35-2 at 47-48) Likewise, Palenzuela asserted that he did not see Defendant Brandon use any force against Plaintiff and, in fact, he was not on the same housing yard as

1

1  Plaintiff so he could not have seen any interaction between Brandon and Plaintiff.  (Doc. 35-2 at 50-
2  51)

3        In opposition to Defendants' motion for summary judgment, Plaintiff submitted declarations of
4  Noberto Medina (Doc. 38 at 61) and Miguel Palenzuela (Doc. 38 at 62) which predated those
5  proffered by Defendants.  In his declaration, Medina asserted that Defendant Brandon "was acting as
6  if she was under the influence of some kind of drugs, with very sporadic speech and behavior." (Doc.
7  38 at 61)  Medina asserted that Plaintiff "was not doing anything" but Brandon had Plaintiff "lined up
8  against the 6-yard gym outter [sic] doors '(roll-up),' [and] for no reason at all," she was "harassing
9  inmate Newman." Id.  The declaration ends with the assertion that "I am a witness to these facts which
10  I do declare to be true and correct." Id.

11        Palenzuela's declaration asserts that Brandon "was harassing inmate Newman #V-179771 on
12  the 6-yard."  (Doc. 38 at 62)  Palenzuela asserted that Brandon "had Inmate Newman up against the
13  outter [sic] 'roll-up gym doors of the 6-yard gym with her hand in Inmate Newmans [sic] back.
14  '(lower back area.)'"

15        Given these wildly different accounts, the Court ordered an evidentiary hearing to be held.
16  (Doc. 44)  Notice of the hearing was given to Plaintiff and counsel for Defendants.  Id.  Indeed,
17  counsel for Defendants reported that they spoke with Plaintiff days before the hearing and he indicated
18  an awareness of the hearing and stated that he intended to be present.  Nonetheless, the Court
19  conducted the evidentiary hearing on October 9, 2012 but Plaintiff failed to appear.

20  **II.    The evidentiary hearing**

21        At the hearing, both inmates, Medina and Palenzuela, denied having seen the content of the
22  declarations proffered by Plaintiff before being presented with them by counsel for Defendants.  Mr.
23  Medina testified that on April 2, 2010, he was housed on the "6 yard" which is the same yard on which
24  Plaintiff was assigned.  On that date, all 6-yard inmates were required to go to the exercise yard to
25  allow inspection of their cells.  When they returned, Mr. Medina saw that Plaintiff's bunk had a
26  "mess" on it.  He saw Plaintiff speak to Defendant Brandon who provided Plaintiff a 602 form.  Mr.
27  Medina saw Plaintiff complete the form and asked him to be "his witness."  Mr. Medina said he signed
28  a declaration that Plaintiff provided though Plaintiff did not permit him to review it.  He denied that he

saw Brandon push Plaintiff or use any force on him at all. He denied that Brandon appeared to be under the influence of drugs. He affirmed that the information contained in the declaration prepared by the attorney for Defendants (Doc. 35-2 at 47-48) was accurate and the declaration provided by Plaintiff (Doc. 38 at 61) was not.

Mr. Palenzuela testified though the signature on the declaration was his, he had no explanation for how it came to be on the declaration. He testified that he was housed on the "5 yard" on April 2, 2010 which was an entirely different yard from the "6 yard" where Plaintiff was housed. He reported that he did not witness any of the events on April 2, 2010 that gave rise to this litigation, including any interaction between Plaintiff and Defendant Brandon. Indeed, Mr. Palenzuela testified that he had never asserted to anyone that he was a witness to the events on April 2, 2010. He affirmed that the information contained in the declaration prepared by the attorney for Defendants (Doc. 35-2 at 50-51) was accurate and the one provided by Plaintiff (Doc. 38 at 62) was not.

Finally, Litigation Coordinator John Buck testified and verified that Plaintiff was housed on the "6 yard" on April 2, 2010 and that Mr. Palenzuela was housed on the "5 yard" on that date. He presented the "Offender/Movement History" for Palenzuela which further demonstrated this fact.

Based upon all this evidence, it appears clear that the declarations submitted by Plaintiff purporting to be the sworn statements of inmates Medina and Palenzuela are false and that Plaintiff knowingly filed these documents despite his knowledge of their falsity.

### III.   Sanctions may be imposed for submitting false evidence

Based upon the evidence, it was undisputed that the declarations submitted by Plaintiff are falsified and there is no doubt that Plaintiff personally falsified the evidence. Federal courts have broad powers to impose sanctions against parties or counsel for improper conduct in litigation. The Court derives the power to impose sanctions on parties or their counsel from three primary sources of authority, "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously

multiplies the proceedings[1], and (3) the court's inherent power." <u>Fink v. Gomez</u>, 239 F.3d 989, 991 (9th Cir.2001).

### A. Rule 11

Federal Rules of Civil Procedure Rule 11(b) provides that,

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; ...
> [¶]
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

When evaluating the imposition of sanctions, Rule 11 requires the Court to consider not whether the party demonstrated subjective good faith in filing the document, but whether the party acted objectively reasonably in doing so. <u>G.C. & K.B. Investments v. Wilson</u>, 326 F.3d 1096, 1109 (9th Cir.2003). "An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction." Fed.R.Civ.P. 11(c)(6).

### B. The Court's inherent power to sanction for filing false documents

In addition, the Court has inherent power to sanction parties for improper conduct. <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 43–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 766, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); <u>Fink</u>, 239 F.3d at 991. The Court's authority extends to the "inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." <u>Anheuser–Busch, Inc. V. Natural Beverage Distrib.</u>, 69 F.3d 337, 348 (9th Cir.1995) (quoting <u>Wyle v. R.J. Reynolds Indus., Inc.</u>, 709 F.2d 585, 589 (9th Cir.1983)); see <u>Combs v. Rockwell Intern. Corp.</u>, 927 F.2d 486, 488 (9th Cir.1991) ("Dismissal is an appropriate sanction for falsifying a deposition. Fed.R.Civ.P. 11, as well as the court's inherent powers, can be called upon to redress such

---

[1] Because counsel do not seek fees as a result of the filing of the false declarations, the Court does not consider this source of authority for imposing sanctions.

mendacity."); Hutchinson v. Hensley Flying Serv., Inc., 210 F.3d 383, (9th Cir. 2000), ("Using a falsified document in evidence is sufficient grounds for a dismissal sanction under Rule 11.") However, the harshness of an order dismissing a matter should be imposed only in extreme circumstances. Wyle, 709 F.3d at 589. "It is well settled that dismissal is warranted where . . . a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings . . ." Anheuser–Busch, Inc., at 348.

### C. Dismissal as Sanction

An order dismissing a case under the Court's inherent powers is subject to the same considerations as those under Rule 11. The Court "must determine (1) the existence of certain extraordinary circumstances, (2) the presence of willfulness, bad faith, or fault by the offending party, (3) the efficacy of lesser sanctions, (4) the relationship or nexus between the misconduct drawing the dismissal sanction and the matters in controversy in the case, and finally, as optional considerations where appropriate, (5) the prejudice to the party victim of the misconduct, and (6) the government interests at stake." Halaco Eng'g Co. v. Costle, 843 F.2d 376, 380 (9th Cir. 1988).

### D. Analysis

The Court has reviewed the documents submitted by Plaintiff and is convinced that Plaintiff knew they were false; indeed, Plaintiff prepared both declarations and included the false information. As to Mr. Medina, he presented the declaration to him but Plaintiff did not allow Medina to read it. The content of the declaration is markedly different from the events that Medina observed. More to the point, Plaintiff represented that Mr. Medina saw Defendant Brandon use excessive and unnecessary force on him—in the form of "harassing" conduct--when, in fact, Mr. Medina never saw Brandon use *any* force on Plaintiff.

The declaration of Mr. Palenzuela is even more troubling. Mr. Palenzuela was not housed on the same yard as Plaintiff *and could not have seen the events at issue here.* Despite this, Plaintiff submitted a declaration bearing Mr. Palenzuela's signature which supports Plaintiff's claim that he suffered excessive force. At the time of the preparation and submission of this declaration, Plaintiff knew that the contents were false.

Because Plaintiff himself drafted these false declarations and obtained signatures on them using trickery, the Court finds that Plaintiff knew the documents were falsified. G.C. & K.B. Investments, 326 F.3d at 1109.  Thus, the Court has no hesitation in finding that Plaintiff's actions were willful and made in bad faith.  It is clear that Plaintiff intended the Court to rely upon this perjured testimony when evaluating Defendants' motion for summary judgment. In addition, the statements of the witnesses in these falsified declarations go to material issues in this case; whether Defendant Brandon used excessive and unnecessary force against Plaintiff.  Thus, clearly, submitting these declarations was an act of bad faith which undermines the confidence placed in our system of justice. In Arnold v. County of El Dorado, 2012 WL 3276979 at *4 (E.D. Cal. Aug. 9, 2012), this Court recently held,

> There need be no look at the merits of a lawsuit if material, substantial perjury is found. Id at 489. As stated in Valley Engineers Inc. v. Electric Engineering Co., 158 F.3d at 1058: "There is no point to a lawsuit, if it merely applies law to lies. True facts must be the foundation for any just result" . . . [W]hen a party falsely testifies to a fact material to the substance of a litigation, such is anathema to the function of the courts. Perjury is much more than simply a "gotcha," harmful in effect only for the reason that one got caught. Litigation is not a game in which perjury warrants a five yard penalty for a minor untruth, fifteen yards if the perjury was really serious. Rather, perjury on any material fact strikes at the core of the judicial function and warrants a dismissal of one's right to participate at all in the truth seeking process. If one can be punished for perjury with up to five years imprisonment, 18 U.S.C. § 1621, it should not seem out of place that a civil action might be dismissed for the same conduct.

Id.

Nevertheless, the Court finds also that Plaintiff's conduct interferes with a rightful decision in this case. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990).  For example, the Court has no confidence that it can accept Plaintiff's account of the events set forth in his own declarations when deciding the motion for summary judgment, given he has shown his willingness to fabricate evidence.  Thus, submitting the falsified declarations of Medina and Palenzuela, impugns the integrity of the Court's decision-making processes and makes it unlikely that there can be any confidence in a decision of the motion.  Moreover, it does not appear that less drastic sanctions would be effective. Plaintiff is newly released from prison.   Given his presumed inability to pay substantial monetary penalties, lesser sanctions are deemed ineffective to addrtess the current wrongdoing or to deter future

wrongdoing.  For all of these reasons, the Court recommends that terminating sanctions be issued and the matter be **DISMISSED**.

### IV. Findings and Recommendation

There is no doubt that the two declarations of Medina and Palenzuela are fabrications. Likewise, there can be little doubt that Plaintiff falsified the declarations and submitted them willfully and in bad faith for the purpose of misleading this Court.

Accordingly, it is **RECOMMENDED**:

1. Terminating sanctions be issued and the matter **DISMISSED WITH PREJUDICE;**
2. Defendant's motion for summary judgment (Doc. 35) be **DENIED**  as moot.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 16, 2012**                              **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE